1

2

3                             UNITED STATES DISTRICT COURT

4                            NORTHERN DISTRICT OF CALIFORNIA

5

6    UNITED STATES OF AMERICA,                Case No.  95-fj-00028-MAG   (JSC)

7              Plaintiff,
                                              **ORDER RE: EX PARTE**
8         v.                                  **APPLICATION FOR ORDER**
                                              **RENEWING JUDICIAL LIEN**
9    CHERYLE BERNARD,
                                              Re: Dkt. No. 33
10             Defendant.

11

12          In 1992, the government obtained a judgment against Cheryle Bernard for $102,988 in

13   unpaid student loan debt.  The government registered the judgment in this Court in 1995.  Since

14   that time, the Court has issued numerous garnishment orders pursuant to 28 U.S.C. § 3205(b)(1) of

15   the Federal Debt Collection Procedures Act of 1990.  (Dkt. Nos. 6, 13, 21.)  In 2010, the

16   government entered into a stipulation with Ms. Bernard wherein she agreed to pay $400 a month

17   in lieu of having her wages subject to garnishment, which the Court approved.  (Dkt. Nos. 25, 28.)

18   Five years later, in 2015, the government filed an application for renewal of the judgment lien

19   originally entered in 1995.  (Dkt. No. 29.)   The government's application did not indicate the

20   outstanding balance on the judgment, but stated that "the full amount of the judgment" had not

21   been paid.  (*Id*. at 2.)  The Court granted the government's request to renew the judgment lien for a

22   period of 20 years under 28 U.S.C. § 3201(c).  (Dkt. No. 32.)  Six years later, the government filed

23   the now pending ex parte application for an order renewing the lien for an additional 20 years

24   because the 2015 order renewing the lien in Napa County was "defective for recording purposes."

25   (Dkt. No. 33 at 2.)  The Court has numerous concerns regarding the government's application and

26   ORDERS IT TO SHOW CAUSE as follows.

27          First, section 3201(c)(2) states that a judgment lien can be "renewed for one additional

28   period of 20 years upon filing a notice of renewal in the same manner as the judgment is filed and

United States District Court
Northern District of California

United States District Court
Northern District of California

1    shall relate back to the date the judgment is filed if-- (A) the notice of renewal is filed before the

2    expiration of the 20-year period to prevent the expiration of the lien; and (B) the court approves

3    the renewal of such lien under this paragraph." 28 U.S.C.A. § 3201(c)(2).  The government's

4    application here is 26 years after the original judgment was registered in this Court and 10 years

5    after the Napa County judgment on which it was based was recorded.  (Dkt. No. 29 at 2 (stating

6    that the Napa County judgment was recorded November 16, 2011 DOC# 2011-0027905).)  The

7    government shall show cause as to how its application is timely and/or relates back to the original

8    judgment or 2015 renewal.

9         Second, the government's application fails to explain how the earlier order was

10   "defective."

11        Third, the government's application does not include a current accounting of the amount of

12   the judgment remaining or an explanation regarding what happened following the 2010 stipulation

13   with Ms. Bernard wherein she agreed to pay back the debt in monthly installments to avoid further

14   garnishment of wages.

15        Finally, it does not appear that Ms. Bernard was served with a copy of the government's

16   now pending ex parte application or with the government's 2015 ex parte application seeking to

17   renew the judgment lien.  Nor is there any explanation for the government's failure to serve her

18   with a copy of these filings.

19        Accordingly, the government is ORDERED TO SHOW CAUSE regarding the matters

20   discussed herein by May 11, 2021.  The government shall simultaneously file proof of service of

21   this order and its ex parte application on Ms. Bernard.

22        Ms. Bernard may, but is not required to, file a response to the government's application

23   and Order to Show Cause response by May 28, 2021.  Ms. Bernard may contact the Court's Pro Se

24   Help Desk at 415-782-8982 for free legal assistance regarding this matter.

25        **IT IS SO ORDERED.**

26   Dated:  April 28, 2021

27

28   JACQUELINE SCOTT CORLEY
     United States Magistrate Judge